**SEA–LAND SERVICE, INC.,**
Plaintiff, Appellee,

v.

**CERAMICA EUROPA II, INC. and
Ceramica Europa Hato Rey, Inc.**
Defendants, Appellants,

**TAG/ICIB SERVICES, INC.,**
Plaintiff, Appellee

v.

**CERAMICA EUROPA HATO REY, INC.,**
Defendant, Appellant, and Ceramica
Europa II, Inc., Defendant

Nos. 98–1182, 98–1207.

United States Court of Appeals,
First Circuit.

Heard Nov. 3, 1998.
Decided Dec. 1, 1998.

Manuel R. Suarez for appellants.

Enrique Peral, with whom Muñoz, Boneta, Gonzalez, Arbona, Benitez & Peral were on brief, for appellees.

Before LYNCH, Circuit Judge, HALL,* Senior Circuit Judge, and LIPEZ, Circuit Judge.

LYNCH, Circuit Judge.

In these consolidated cases, two Puerto Rico corporations, Ceramica Europa II, Inc. and Ceramica Europa Hato Rey, Inc. (collectively "defendants"), appeal from the denial of their motions to set aside default judgments under Rules 55(c) and 60(b)(4) of the Federal Rules of Civil Procedure.[1] We affirm, finding no abuse of discretion in the court's denial of the Rule 55(c) motion and no error in the court's denial of the Rule 60(b)(4) motions.

In the spring of 1996, Sea–Land Service, Inc. and TAG/ICIB Services, Inc. (collectively "Sea–Land") filed two suits against the defendants seeking to recover freight charges (the "freight case") and demurrage charges (the "demurrage case"). Professional process servers hired by Sea–Land first attempted to deliver summons to Marco Barbarossa, the president of both defendant corporations, at his place of business. When that proved unsuccessful, the servers examined records filed with the Puerto Rico Department of State and determined that the resident agent for both corporations was Barbarossa's wife, Myrna Ortiz. They then served Myrna Ortiz at her home on July 19, 1996.

On August 23, 1996, after default had been entered in both cases, the defendants moved to quash the summons, arguing that service was improper because the summons had been left at Barbarossa's home rather than delivered personally to him.[2] On September 17, 1996, the defendants made the same argument in a Rule 60(b)(4) motion to set aside a default judgment that had been entered in the demurrage case. The court found the affidavits of the process servers to be worthy of credence and denied the motions to quash and the Rule 60(b)(4) motion. On January 3, 1997, after default judgment had also been entered in the freight case, the defendants filed two additional Rule 60(b)(4) motions, this time arguing in both the freight and demurrage cases that Ortiz was not served and that in any case Ortiz was not the resident agent for one of the corporations, Ceramica Europa Hato Rey, Inc. The district court, addressing only the first argument, rejected the motions because it found the affidavits of the process servers to be more believable than Ortiz's sworn statement. The defendants did not appeal from that order.

In August and September 1997, the defendants attempted once again to have the default judgments set aside. They filed a motion under Rule 55(c) to set aside the default judgment in the freight case because Sea–Land had failed to provide notice of its application for a default judgment. Ceramica Europa Hato Rey, Inc. also filed motions under Rule 60(b)(4) in both cases, arguing once again that it had not been properly served because Ortiz was not its resident agent. The district court denied both the Rule 55(c) motion and the Rule 60(b)(4) motions on various grounds, and this appeal ensued.

■ We address first the denial of the defendants' motion under Rule 55(c). District courts enjoy broad discretion in deciding motions to set aside a judgment under this rule, *see United States v. One Urban Lot Located at 1 Street A–1, Valparaiso, Bayamon, Puerto Rico*, 885 F.2d 994, 997 (1st Cir. 1989), and we review such rulings only for abuse of discretion, *see Key Bank of Maine v. Tablecloth Textile Co.*, 74 F.3d 349, 352 (1st Cir.1996). We find no abuse of discretion here. The district court acknowledged that the defendants did not receive the notice

---

* Of the Ninth Circuit, sitting by designation.

1. Although the defendants refer in their motions to Rule 60(b)(3), (4), (5), and (6), their various arguments essentially reduce to a single argument under Rule 60(b)(4): that the default judg- ments against Ceramica Europa Hato Rey, Inc. were void for lack of jurisdiction.

2. Although Barbarossa filed the motions under his own name only, the court treated them as motions brought by the defendant corporations.

required by Rule 55(b)(2),[3] but concluded that there was nonetheless no "good cause" to set aside the judgment under Rule 55(c).[4] The purpose of the notice requirement in Rule 55(b)(2) is to permit a party to show cause for its failure to timely appear. Since the defendants had already tried, and failed, to effectively explain their failure to timely appear in their earlier motion to set aside the judgment, it would have been senseless for the court to vacate the default judgment in order to give the defendants yet another opportunity. The court's refusal to engage in such a fruitless exercise can hardly be considered an abuse of discretion.

■ Our review of the denial of the Rule 60(b)(4) motions proceeds along slightly different lines. Normally the decision to grant or deny a Rule 60(b) motion lies within the discretion of the district court, and review is for abuse of discretion only. *See Cotto v. United States*, 993 F.2d 274, 277 (1st Cir.1993). However, the First Circuit has held that the district court does not have discretion to deny a Rule 60(b)(4) motion if the challenged judgment was void for lack of personal jurisdiction. *See Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 28 (1st Cir.1988) ("If the judgment is void, the district court has no discretion but to set aside the entry of default judgment."). This suggests that denial of such a motion should be given de novo review. Although the First Circuit has not expressly adopted this standard of review for the denial of Rule 60(b)(4) motions, a number of other circuits have. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 591, —— L.Ed.2d ——, 67 U.S.L.W. 3271 (1998) (No. 98–571) (adopting de novo standard); *Wilmer v. Board of County*

*Comm'rs*, 69 F.3d 406, 409 (10th Cir.1995) (same); *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir.1995) (same); *Export Group v. Reef Industries, Inc.*, 54 F.3d 1466, 1469 (9th Cir.1995) (same); *Page v. Schweiker*, 786 F.2d 150, 152 (3rd Cir.1986) (same). Because the parties did not address the question of standard of review, we will not decide the question here. Rather, we will assume *arguendo* that the stricter de novo standard applies, while noting that our affirmance under that standard necessarily entails that there was no abuse of discretion.

■ As an initial matter, our precedent establishes that Rule 60(b)(4) motions cannot be denied on the procedural ground that they were not brought within a "reasonable time" as required under Rule 60(b). Although the language of Rule 60(b) literally applies even to motions alleging lack of personal jurisdiction, this court has held that motions to set aside a judgment for lack of personal jurisdiction under Rule 60(b)(4) may be made at any time. *See United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir.1990); *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir.1992). *See generally* 11 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 2862, 2866 (1995) (explaining exception). Thus, the defendant's unreasonable delay in bringing the instant Rule 60(b)(4) motions nearly one year after the entry of default judgments and nearly nine months after filing the second set of Rule 60(b) motions does not alone provide a basis for denial.[5]

■ This delay does, though, lend support to the district court's rejection on the merits of the claim that Ortiz was not the resident

---

3. Rule 55(b)(2) provides that "[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." The district court assumed that the defendants had appeared in the freight case prior to Sea–Land's filing of a motion for default judgment on August 28, 1996, by virtue of Barbarossa's August 23, 1996 motion to quash summons.

4. Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

5. By contrast, the unreasonable delay does provide a basis for the rejection of any independent arguments made by the defendants under Rule 60(b)(3), (5), and (6). Assuming *dubitante* that the defendants' motions included any such arguments, we find that the district court did not abuse its discretion in rejecting them as untimely.

agent for one of the two defendant corporations. If Ortiz were truly not the resident agent for Ceramica Europa Hato Rey, Inc., it was reasonable to think the defendant would have made this argument in its motions to quash the summons and in its first Rule 60(b) motion. It appears in any event that Sea–Land properly served both defendants under Section 12.01 of the Puerto Rico Corporations Law of 1995, P.R. Laws Ann. Tit. 14, Section 3126, which permits service of process on corporations by leaving copies of the summons and complaint at the dwelling of any officer, director, or registered agent of the corporation—in this case, the dwelling of the president of both corporations, Marco Barbarossa. Thus, we find that the court correctly denied the Rule 60(b)(4) motions because Ceramica Europa Hato Rey, Inc. was properly served under either, or both, Rule 4(h)(1) and Rule 4(e)(1).

 But even if service were not proper, we would affirm for a separate reason: the fact that the defendant had already raised this issue in the second set of Rule 60(b)(4) motions (filed January 3, 1997) and did not appeal the denial. It is well settled that Rule 60(b) motions may not be used as a substitute for timely appeal. *See Cotto,* 993 F.2d at 278. The same principle applies here: if Ceramica Europa Hato Rey, Inc. wished to challenge the district court's rejection of (or the court's failure to consider) the argument that Ortiz was not its resident agent, it should have appealed the denial of the motions in which it first made those arguments. Having chosen not to appeal (or even to move for reconsideration), it cannot expect to be able to reopen this issue in a successive Rule 60(b) motion.

*Affirmed. See* 1st Cir. Loc. R. 27.1.