In re John J. MALONI, Debtor.

John J. Maloni, Appellant,

v.

Fairway Wholesale Corporation,
Appellee.

BAP No. MB 01–055.
Bankruptcy No. 96–40111–HJB.

United States Bankruptcy Appellate Panel
of the First Circuit.

Sept. 5, 2002.

Peter M. Stern, Springfield, MA, for John J. Maloni.

David A. Lavenburg, Gold and Vanaria, P.C., Springfield, MA, for Fairway Wholesale Corporation.

Before LAMOUTTE, VAUGHN and CARLO, U.S. Bankruptcy Appellate Panel Judges.

## OPINION

LAMOUTTE, Bankruptcy Judge.

The issues on appeal are: (a) whether the bankruptcy court erred in vacating and setting aside the order avoiding the judicial lien of Appellee Fairway Wholesale Corporation ("Fairway"); (b) whether the bankruptcy court erred in denying the request of Appellant John J. Maloni ("Maloni") for an evidentiary hearing, thus depriving Maloni of his right to due process; and (c) whether the imposition of sanctions is warranted because the appeal is frivolous.

## JURISDICTION

The United States Bankruptcy Appellate Panel for the First Circuit (the "Panel") has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and (b). The bankruptcy court's order vacating and setting aside the order avoiding Fairway's judicial lien is a final appealable order because it ends the litigation on the merits. *Snyder v. Rockland Trust Company (In re Snyder)*, 279 B.R. 1, 2 (1st Cir. BAP 2002) ("*Snyder IV*"); *Bruin Portfolio, LLC v. Leicht (In re Leicht)*, 222 B.R. 670, 671 (1st Cir. BAP 1998).

## STANDARD OF REVIEW

On appeal, the Panel reviews rulings of law *de novo* and findings of fact for clear error. *Prebor v. Collins (In re I Don't Trust)* 143 F.3d 1, 3 (1st Cir.1998); *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir.1995). Generally, rulings under Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") are reviewed under the abuse of discretion standard. *Pearson v. First NH Mortgage Corporation*, 200 F.3d 30, 34 (1st Cir.1999); *Sea–Land Service, Inc. v. Cerámica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir.1998). However, courts do not have discretion to deny a Rule 60(b)(4) motion if the challenged

judgment was void for lack of personal jurisdiction. *Sea–Land Service, Inc.,* 160 F.3d at 852; *Echevarría–González v. González–Chapel,* 849 F.2d 24, 28 (1st Cir. 1988).

## FACTUAL BACKGROUND

Fairway initiated a collection of money action against Maloni prior to the filing of Maloni's bankruptcy petition. On August 12, 1992, Fairway obtained a judicial lien by executing a pre-judgment attachment on Maloni's real property located at 82 Noel Street, Springfield, Massachusetts. The attachment was duly recorded in the Hampden County Registry of Deeds. On October 9, 1992, the state court entered Judgment against Maloni. The Execution of Judgment was ordered on October 29, 1992, and the Writ of Execution on Money Judgment was registered on November 12, 1992.

On January 10, 1996, Maloni filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code"). Maloni filed a Motion to Avoid Judicial Liens on March 4, 1996. Fairway is one of the judicial lienholders included in the Motion to Avoid Judicial Liens. On April 10, 1996, the bankruptcy court held a hearing on Maloni's Motion to Avoid Judicial Liens, and entered a bench order granting the motion. On that same date, the bankruptcy court entered an Order Discharging Debtor. On April 11, 1996, the bankruptcy court entered a written order incorporating the bench order entered the day before. The Order was granted by default since no objections were filed. The bankruptcy case was eventually closed.

In September 1998, Fairway "brought forward" its Judicial Lien under Massachusetts law. On March 8, 2001, Fairway made a written demand to Maloni for payment in the amount of $9,348.99. Maloni failed to respond to the demand for payment.

Fairway filed a Motion to Reopen Case on March 28, 2001 in order to move the bankruptcy court to vacate and set aside the April 11, 1996 Order Avoiding Judicial Liens as to Fairway. Fairway claimed that the bankruptcy court lacked in personam jurisdiction because it was never served with Maloni's Motion to Avoid Judicial Liens. Maloni opposed the motion. On May 23, 2001, the bankruptcy court held a hearing on Fairway's Motion to Reopen Case, and granted the motion.

On May 31, 2001, Fairway filed the Motion to Vacate the Order Avoiding Judicial Liens. Maloni opposed the same. A hearing was scheduled and held on June 27, 2001. The record on appeal shows that Maloni failed to present evidence at the hearing that the Motion to Avoid Judicial Liens was properly served on Fairway. The record also shows that the bankruptcy court specifically addressed the issue of proper service. Upon the bankruptcy court's inquiry regarding such evidence, Maloni's counsel indicated that: "I don't have it today. I wasn't prepared for a ... I would leave that to an evidentiary, that would be an evidentiary matter whether they got notice." *See* Exhibit C of Appellant's Appendix to Brief at 24. When Maloni's counsel was asked by the bankruptcy court whether he wanted to schedule an evidentiary hearing on the question of notice, counsel replied: "[w]hat I would prefer, Your Honor, is that I be allowed non ... a non-evidentiary hearing to see what I can produce from my old file and to see if there was a notice." *Id.* at 27. The hearing was continued to August 1, 2001.

On August 1, 2001, after considering the parties' arguments, the bankruptcy court entered a bench order granting Fairway's Motion to Vacate Order and denying Maloni's Motion to Avoid Judicial Liens as to

Fairway. Maloni filed a Notice of Appeal from the August 1, 2001 bench order vacating the Order Avoiding Judicial Liens as to Fairway only on August 8, 2001. The bankruptcy court entered a written order (Order Vacating Order Avoiding Judicial Liens As To Fairway Only) pursuant to the bench order on August 21, 2001.

## ARGUMENTS OF THE PARTIES

Maloni argues that the bankruptcy court abused its discretion in vacating the Order Avoiding Judicial Liens because more than one year had elapsed since the order was entered and, thus, Fairway's motion to vacate order is time barred under Fed. R.Civ.P. 60(b)(1) and (3).[1] Maloni also argues that denying the request for an evidentiary hearing is a violation of his right to due process.

Fairway argues that it was never served with a copy of the Motion to Avoid Judicial Liens. Consequently, the April 11, 1996 Order Avoiding Judicial Liens is void and should be set aside as to Fairway for lack of personal jurisdiction. Fairway also argues that since the Order Avoiding Judicial Liens is void for lack of jurisdiction, relief under Rule 60(b)(4) may be requested at any time, and it is not subject to the "reasonable time" requirement, *laches,* or the one year limitation provided by Fed. R.Civ.P. 60(b)(1) and (3). Lastly, Fairway argues that Maloni was not entitled to an evidentiary hearing because there were no factual issues in dispute and Maloni only argued the applicable law.

During the course of this appeal, Fairway also moved the Panel, in a separate motion, to find that the appeal is frivolous, and warrants the imposition of sanctions in the amount of $3,591.00,[2] plus additional attorneys' fees incurred in oral argument, if necessary.

## DISCUSSION

For the reasons discussed below, we conclude that: (a) the bankruptcy court did not abuse its discretion in vacating the April 11, 1996 Order Avoiding Judicial Liens as to Fairway; (b) Maloni was not deprived of his procedural right to due process; and (c) the appeal is frivolous, and, thus, the imposition of sanctions is warranted.

A. *Motion to vacate the April 11, 1996 Order Avoiding Judicial Liens as to Fairway for lack of jurisdiction and timeliness of the motion.*

Section 522(f) of the Code[3], allows the debtor to "wipe out" the interest that a creditor has in a particular property if the debtor's interest in the property would be exempt but for the existence of the creditor's lien or interest. The avoiding power is limited to the extent the lien impairs the claimed exemption. Section 522(f) applies only to certain types of liens, including judicial liens that impair otherwise exempt property. 11 U.S.C. § 522(f)(1)(A). *See also* 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 522.11[1] (15th ed. rev.2002).

Rule 4003(d) of the Federal Rules of Bankruptcy Procedure sets forth the procedure for the avoidance of judicial liens, and transfers of property that impair the exemptions claimed by the debtor under Section 522(f) of the Code. Rule 4003(d) states that a proceeding "under § 522(f) shall be by motion in accordance with Rule

---

1. Rule 60 of the Fed.R.Civ.P. applies in cases under the Bankruptcy Code pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr.P.").

2. Attorneys' fees incurred by Fairway's counsel prior to oral argument. *See* Exhibit D of Appellee's Motion for Sanctions.

3. 11 U.S.C. § 522(f).

9014." *See* Fed. R. Bankr.P. 4003(d). Rule 9014 provides that the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. *See* Fed. R. Bankr.P. 7004 and 9014.

■ Rule 7004 provides for either personal service of the summons and the complaint, or alternatively, service may be made within the United States by first class mail postage prepaid. Rule 7004(b)(3) provides that if a corporation is served by mail, then the summons and complaint must be mailed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Proper service under either Rule 7004(a) or (b)(3) is necessary to establish personal jurisdiction over a defendant corporation. *Precision Etchings and Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21, 23 (1st Cir.1992); 10 King, *supra,* ¶ 7004.07. Failure to effect service as provided by Rule 7004(b)(3) will render service of process insufficient, and will deprive the bankruptcy court of personal jurisdiction over the defendant corporation. If the court does not have personal jurisdiction, any order or judgment entered by the court is void for lack of personal jurisdiction. *Hospital Mortgage Group, Inc. v. Parque Industrial Río Cañas, Inc.,* 653 F.2d 54 (1st Cir.1981); *Harlow v. Palouse Producers, Inc. (In re Harlow Properties, Inc.),* 56 B.R. 794, 796 (9th Cir. BAP 1985).

■ Fairway argues that it was never served with the Motion to Avoid Judicial Liens. Maloni insists that Fairway was served by mail, but failed to present evidence to establish personal jurisdiction as required by Rule 7004(b)(3). The fact that the certificate of service of the Motion to Avoid Judicial Liens did not include Fairway as an addressee was not controverted. Maloni failed to discharge his burden of establishing personal jurisdiction over Fairway. *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corporation,* 960 F.2d 1080, 1090 (1st Cir.1992). After considering these facts, the bankruptcy court ruled that Maloni's Motion to Avoid Judicial Liens was not properly served on Fairway.

We agree with the bankruptcy court that Maloni failed to show proof of service pursuant to Rule 7004(b)(3), and, therefore, the bankruptcy court failed to obtain personal jurisdiction over Fairway. The record on appeal is devoid of any evidence that Maloni's Motion to Avoid Judicial Liens was properly served on Fairway. Consequently, the order avoiding Fairway's lien is void for lack of personal jurisdiction and must be set aside based on the motion under Fed.R.Civ.P. 60(b)(4). *United States v. Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (1st Cir.1990).

■ Maloni also alleges that Fairway's Motion to Vacate Order is time barred under Rule 60(b)(1) and (3), because it was filed more than five years after the April 11, 1996 Order Avoiding Judicial Liens was entered. However, there are no time limitations to move the court under Rule 60(b)(4) if the relief is from a void judgment. *United States v. Boch Oldsmobile, Inc.,* 909 F.2d at 661. In *Sea–Land Service, Inc.,* the United States Court of Appeals for the First Circuit held that:

As an initial matter, our precedent establishes that Rule 60(b)(4) motions cannot be denied on the procedural ground that they were not brought within a "reasonable time" as required under Rule 60(b). Although the language of Rule 60(b) literally applies even to mo-

tions alleging lack of personal jurisdiction, this court has held that motions to set aside judgment for lack of personal jurisdiction under Rule 60(b)(4) may be made at any time.

160 F.3d at 852 (citations omitted).

Thus, Rule 60(b)(1) and (3) are inapplicable to the instant case, for lack of personal jurisdiction renders the judgment void and its nullity may be attacked at any time. *See The General Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 114 (1st Cir.1990); *Boch Oldsmobile*, 909 F.2d at 661.

The Panel finds that the April 11, 1996 Order Avoiding Judicial Liens is void for the bankruptcy court lacked personal jurisdiction over Fairway. Since the Order is void as to Fairway, relief under Rule 60(b)(4) is mandatory. *Sea–Land Service, Inc.*, 160 F.3d at 852; *Echevarría–González v. González–Chapel*, 849 F.2d at 28; *United States v. Laughlin (In re Laughlin)*, 210 B.R. 659, 661 (1st Cir. BAP 1997). Therefore, the bankruptcy court did not err in vacating the April 11, 1996 Order Avoiding Judicial Liens as to Fairway.

B.  *The bankruptcy court's "failure" to allow an evidentiary hearing resulted in a deprivation of Maloni's procedural right to due process.*

■  The record shows that the bankruptcy court held two hearings, on June 27, 2001 and August 1, 2001, on Fairway's Motion to Vacate Order. By scheduling these hearings, the bankruptcy court allowed Maloni a meaningful opportunity to present evidence on the issue of notice. To establish proper notice was essential to determine whether the bankruptcy court had jurisdiction over Fairway and if relief under Rule 60(b)(4) was warranted. The record is clear that the bankruptcy court allowed Maloni several opportunities to present evidence to show that notice of the Motion to Avoid Judicial Liens was properly served on Fairway, but Maloni failed to come forward with such evidence. "What matters here is not what the appellant[s] or [his] counsel said, it is what they did or, rather, failed to do." *Jeffrey v. Desmond*, 70 F.3d at 186. Maloni failed to avail himself of these opportunities.

On appeal, Maloni still obstinately insists that his right to be heard was violated, for the bankruptcy court failed to schedule an evidentiary hearing on the key issue of notice. We disagree. If such evidence indeed exists, Maloni should have presented it to the bankruptcy court. Likewise, if there is no evidence, then Maloni should have withdrawn the appeal. Maloni opted instead to proceed with this appeal based on unfounded allegations. In view of the above, we find that Maloni was not deprived of his procedural right to due process.

■  Maloni also challenges the bankruptcy court's application of the tenants by the entirety election under Massachusetts law to the facts of this case. Section 522(b) of the Code allows the debtor to elect either the state or the federal exemptions in the schedules. Maloni chose the federal exemptions. The homestead exemption claimed by the debtor is crucial to determine whether a lien may be avoided under the Code. When considering a motion for avoidance of a lien, the bankruptcy court must apply the mathematical formula provided in Section 522(f)(2)(A) of the Code to determine whether the lien impairs the exemption claimed by the debtor. *East Cambridge Savings Bank v. Silveira (In re Silveira)*, 141 F.3d 34 (1st Cir.1998); *Snyder IV*, 279 B.R. at 5.

■  Under Massachusetts law, real property may be owned by a husband and wife under tenancy by the entirety. Prior to 1980, both spouses were equally entitled

to the property, but each spouse had an equal half-interest in the realty. *Coraccio v. Lowell Five Cents Savings Bank,* 415 Mass. 145, 612 N.E.2d 650, 652 (1993). The tenancy by the entirety statute was amended to equalize the rights of men and women holding property as tenants by the entirety created after February 11, 1980. *Id.* at 654. Thus, after February 1980, "a tenancy by the entirety remains a unitary title, and the statute simply guarantees each spouse an equal right to the whole." *Id.* That is, each spouse continues to have equal title of the property and equal interest (100 percent) in the property. Mass. Gen. Laws Ann. ch. 209 § 1 (West 2001). The Massachusetts Legislature also enacted a provision allowing pre-February 1980 tenants by the entirety to elect that their tenancy be treated as a post-February 1980 tenancy by the entirety. Mass. Gen. Laws Ann. ch. 209 § 1A (West 2001).

The record clearly shows that on August 7, 1992, Maloni recorded in the Hampden County Registry of Deeds an Election of Treatment for a post-February 1980 tenancy by the entirety. *See* Exhibit A of Appellee's Motion for Sanctions. The election was made before the filing of the bankruptcy petition. Therefore, Maloni's arguments addressing the pre-February 1980 tenancy by the entirety are without legal or factual merit. The Panel finds that the bankruptcy court correctly applied the Massachusetts tenants by the entirety election to determine that Maloni owned the whole equity in the property.

Moreover, the record shows that Fairway's purpose in reopening the case was to vacate and set aside the April 11, 1996 Order Avoiding Judicial Liens in order to enforce its lien. The value of the property was not contested since Fairway used as basis the property's value listed in Maloni's schedules. The scheduled market value of the property is $70,000.00. The property is subject to a first mortgage lien in the amount of $38,000.00. Maloni elected in Schedule C the federal homestead exemption under § 522(d)(1)(5) of the Code, in the amount of $15,750.00. As of May 26, 2001, Fairway's lien was estimated at $9,655.44. The mathematical analysis, under the avoidance of lien formula, shows that the value of the property exceeds the total amount of liens. The calculation made by the bankruptcy court at the June 27, 2001 hearing discloses that the sum of the first mortgage lien ($38,000.00), plus Fairway's lien ($10,000.00)[4], and the homestead exemption ($15,750.00) is $63,750.00, which is less than the value of the property ($70,000.00). The bankruptcy court, after considering the value of the property, Maloni's right to the whole property upon the post-February 1980 tenants by the entirety election, and the avoidance of lien formula, held that the property had equity and met the *Snyder II*[5] and *Patenaude*[6] test, and concluded that Fairway's lien may not be avoided. The Panel agrees with the bankruptcy court's legal conclusion concerning the applicability of post–1980 tenancy by the entirety law and the mathematical computation pursuant to the avoidance of lien formula.

### C. *Motion for Sanctions.*

■ Rule 8020 of the Fed. R. Bankr.P. adopts the provisions of Rule 38 of the

---

4. The court estimated Fairway's lien in the amount of $10,000.00, finding that the exact amount owed as of the date of the filing was irrelevant. We agree. The difference will not affect the conclusion that there was equity because Maloni owned the whole property.

5. *Snyder v. Rockland Trust Company (In re Snyder),* 249 B.R. 40 (1st Cir. BAP 2000), *aff'd,* 2 Fed.Appx. 46, 2001 WL 227336 (1st Cir. March 02, 2001).

6. *In re Patenaude,* 259 B.R. 481 (Bankr. D.Mass.2001).

Federal Rules of Appellate Procedure and provides the procedure to follow when an appeal is frivolous and sanctions are warranted.[7] Fed. R. Bankr.P. 8020 provides as follows:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

The imposition of sanctions under Rule 8020 is a "two-step process." 10 King, *supra*, ¶ 8020.06. The first step under Rule 8020 is to make a determination of whether an appeal is frivolous. Several factors may be considered when making this determination since "there is no formula for determining whether an appeal is frivolous." *Id.* ¶ 8020.04[1]. Some of these factors are: bad faith on the part of the appellant; that the argument presented on appeal is meritless *in toto;* and, whether only part of the argument is frivolous. In addition, the court will consider whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record. *Id.* Generally, "sanctions will be imposed regardless of the motive of the appellant because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal." *Id.* ¶ 8020.06. *See also Top Entertainment Inc. v. Ortega,* 285 F.3d 115 (1st Cir.2002); *La Amiga del Pueblo, Inc. v. Robles,* 937 F.2d 689 (1st Cir.1991); *Cruz v. Savage,* 896 F.2d 626 (1st Cir.1990); *Hill v. Norfolk and Western Railway Company,* 814 F.2d 1192 (7th Cir.1987).

Once the appellate court has determined that the appeal is frivolous and that an imposition of sanctions is warranted, the second step under Fed. R. Bankr.P. 8020 is to examine whether the procedural requirements are met. The rule specifically provides that sanctions must be requested by a separately filed motion. This is a strict requirement that shall be complied with. Failure to do so entails the denial of the request for sanctions. Notice and opportunity to respond must be given prior to any determination by the court. *Id.* ¶ 8020.08.

Fairway has moved the Panel in a separate motion to find this appeal frivolous and sanctionable. The Panel finds that Maloni's counsel was given proper notice of the motion for sanctions through Fairway's counsel, and was allowed an opportunity to respond to the same. At the oral argument before this Panel, Maloni's counsel failed to provide an assertive or responsive answer when questioned as to why he did not reply to Fairway's request for sanctions. The motion for sanctions stands unopposed. It was Maloni's counsel's prerogative not to reply or oppose Fairway's request for sanctions.[8]

---

7. Fed. R.App. P. 38 provides that:
   If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

8. The record shows that on December 7, 2001, Fairway's counsel sent a letter to Maloni's counsel contending that the appeal was frivolous, and requesting its dismissal or a revision of the Appellant's Brief. On December 12, 2001, Maloni's counsel rejected Fairway's proposal. *See* Exhibits B and C of Appellee's Motion for Sanctions. Fairway's Motion for Sanctions was filed on December 27, 2001.

The Panel finds that Maloni has made unsubstantiated factual assertions. Such obstinate conduct in pursuing an issue on appeal without having the necessary evidence to prove his unfounded allegations of having notified Fairway is inexcusable, and should not be allowed. The evidence, if any existed, of due notice to Fairway was always in Maloni's possession and was never produced before the trial court nor proffered at the appellate level. Maloni has also presented meritless legal arguments on the applicability of pre–1980 tenants by the entirety law, which after being particularly advised so by Fairway, constitutes sanctionable conduct.

## CONCLUSION

In view of the foregoing, we find that the bankruptcy court properly vacated the April 11, 1996 Order Avoiding Judicial Liens as to Fairway for lack of personal jurisdiction. Maloni was not deprived of his procedural right to due process. Accordingly, the bench order entered on August 1, 2001 granting Fairway's motion to vacate order and denying Maloni's motion to avoid Fairway's judicial lien, as well as the Order Vacating Order Avoiding Judicial Liens As To Fairway Only entered on August 21, 2001 are AFFIRMED.

Furthermore, we find this appeal to be frivolous under Fed. R. Bankr.P. 8020, and, that the imposition of sanctions is warranted. The Panel imposes sanctions against Maloni and in favor of Fairway in the amount of $3,591.00 for attorneys' fees and costs incurred prior to oral argument, and imposes additional attorneys' fees and costs incurred to argue the appeal.