In re GREAT ROAD SERVICE
CENTER, INC., Debtor.

Great Road Service Center,
Inc., Appellant,

v.

Roberta Golden and David M.
Nickless, Appellees.

BAP No. MW 03–045.
Bankruptcy No. 97–41134–HJB.
Adversary No. 98–4179–HJB.

United States Bankruptcy Appellate Panel
of the First Circuit.

Jan. 26, 2004.

Neal Marshal Brown, Lutherville, MD, on brief for Appellant, Great Road Service Center, Inc.

David M. Nickless, Trustee, Nickless and Phillips, PC, Fitchburg, MA, on brief for Appellee, David M. Nickless, Trustee.

Before LAMOUTTE, DE JESÚS, and HAINES, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Before us is an appeal brought by Great Road Service Center, Inc. ("Great Road" or the "Appellant"), a chapter 7 corporate debtor, of bankruptcy court orders authorizing payment of fees and expenses of Chapter 7 Trustee David M. Nickless ("Trustee Nickless") and his special counsel Attorney Roberta Golden ("Attorney Golden"). The orders approved fees totaling $11,742.50, amounting to all the bankruptcy estate's funds, leaving nothing for creditors. Before us, too, is Trustee Nickless's motion seeking sanctions against Great Road's attorney for prosecuting a frivolous appeal.

Because Great Road concedes that the estate is insolvent and that, in no event would reduction or disallowance of the fee awards create a surplus fund from which a distribution to it might be made, we conclude that Great Road lacks standing to appeal. Moreover, after assessing both the lighter-than-air character of Great Road's standing assertions and the insubstantiality of its case on the merits, we conclude that the sanctions motion will be granted. Accordingly, we dismiss Great Road's appeal and impose sanctions on its counsel as described below.

## I. BACKGROUND

Great Road filed its chapter 7 petition in February 1997. Nickless became trustee. App. at 1. In June of that year, Attorney Golden was appointed special counsel to pursue claims against Great Road's gasoline supplier, Sunoco, Inc., et al., apparently for alleged violation of the Robinson–Patman Pricing Act.[1] Attorney Golden initiated an adversary proceeding in August 1998 and prosecuted the action until April 2002, when she was terminated as special counsel. Trustee Nickless thereafter assumed responsibility for the matter. App. at 9, 28. In September 2002 the bankruptcy court granted summary judgment, dismissing all claims. App. at 28, 29.

Trustee Nickless's Final Report Before Distribution (the "Final Report") sought compensation for his services as well as Attorney Golden's. App. at 5. For himself, he asked for $1,742.50 (fees). App. at 68. Attorney Golden sought $25,576.29 in fees and $1,913.79 in expenses. App. at 86. Great Road objected to so much of their fees as related to the adversary proceeding. App. at 5–6, 102–22. It asserted, *inter alia,* that the lawsuit lacked merit, was poorly prosecuted by Attorney Golden, and that Trustee Nickless was grossly negligent in failing to properly assess the merits of the litigation throughout its course. App. at 102–22.

The bankruptcy court overruled the objection to Trustee Nickless' fees, but reduced Attorney Golden's compensation to $10,000.00. App. at 179–81. Great Road appealed. App. at 182.

Both parties agree that reduction or disallowance of Trustee Nickless' or Attorney Golden's compensation would not yield a

---

1. We are vague about the content of the complaint as it is not included in the record. For today, its specifics are beside the point.

**550**

surplus for the estate. *See* Appellant's Brief at 7–8; Reply Brief at 3–4. Such funds as might be freed up by denying or reducing the fee awards would be applied to priority claims of the United States Internal Revenue Service ("IRS"), claims for which Great Road's principal David Tolf ("Tolf") is personally liable. *See id.*

## II. JURISDICTION

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order "'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id. (quoting In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998).

## III. STANDING

■ Bankruptcy standing is narrower than Article III standing. *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117 (1st Cir. 2001); *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir.1998). Only a "person aggrieved" has standing to challenge a bankruptcy court order; the challenged order must directly and ad-

versely affect the appellant's pecuniary interests. *Spenlinhauer*, 261 F.3d at 117–18. A "person aggrieved" is one whose property is diminished, burdens are increased, or rights are impaired by order on appeal. *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987). Chapter 7 debtors generally lack standing to object to an order concerning distribution of estate assets, because chapter 7 debtors usually lack a pecuniary interest in estate assets: No matter how the estate's assets are distributed by the trustee, no assets will revert to the debtor. 11 U.S.C. § 726(a)(6); *Cult Awareness*, 151 F.3d at 607.

■ Great Road concedes that the estate is insolvent, and that reduction or disallowance of the fee awards would not create surplus funds from which it might receive a distribution. *See Reply Brief* at 3. Great Road is thus not "aggrieved" by the orders on appeal. Those orders do not directly or adversely affect Great Road's pecuniary interests. *See Spenlinhauer*, 261 F.3d at 117–18. Great Road lacks standing to bring this appeal. *See id.*

■ We reject Great Road's suggestion that Trustee Nickless was obliged to raise the issue of standing at the fee hearing below. *See* Reply Brief at 2. "[Q]uestions of standing must be considered sua sponte, as it is akin to subject matter jurisdiction." *See In re Toms*, 229 B.R. 646, 649 (Bankr.E.D.Pa.1999). The burden is on the party asserting standing to establish it, *Spenlinhauer*, 261 F.3d at 118–19, and when the lower court has not undertaken the required inquiry, the appellate court must do so. *Id.* at 118. And where, as here, the appellate record discloses the requisite facts, we may resolve the matter without remanding. *Id.*

We also reject Great Road's suggestion that it has standing to assert fraud upon the court even though it is not a "person

aggrieved" in the usual sense. *See* Reply Brief at 2. Great Road has cited no authority for that proposition. Moreover, even if Great Road had standing to press the point, it has failed to demonstrate that any such fraud occurred.

Lastly, we reject Great Road's contention that, as a corporate debtor, it has standing under 11 U.S.C. § 505(a)(1) to challenge the fee orders because its principal, David Tolf, has an interest in seeing the orders overturned.[2] *See* Reply Brief at 3. It invokes *In re Datair Systems Corp.* for the proposition that a "[c]orporate debtor had standing under 11 USCS sec. 505(a)(1) to bring injunction suit focusing on effort of IRS to allege penalties against two vital officers of debtor." Reply Brief at 3 (*citing Datair Systems Corp. v. Starkey (In re Datair Systems Corp.)*, 37 B.R. 690 (Bankr.N.D.Ill.1983)). Although *Datair Systems* can be loosely described as standing for that proposition, the soundness of its reasoning is questionable.[3] But more importantly, that reasoning does not pertain here. *Datair Systems* addressed a *chapter 11* corporate debtor which claimed that imposition of a § 6672 of the Internal Revenue Code 100% penalty on corporate officers for failure to pay withholding taxes would adversely affect the corporate debtor's operations and reorganization efforts. *See id. (citing Jon*

*Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 B.R. 831 (D.Colo.1983)). The *Datair Systems* court determined that the corporate debtor had "alleged a personal stake in the outcome of the controversy to warrant the invocation of federal court jurisdiction and thus has standing to bring its injunction suit." *Id.* at 695. Great Road is moribund—not at all like a chapter 11 debtor in the throes of reorganization.

*Deel v. United States (In re Deel)*, also cited by Great Road, is equally inapplicable. *See Deel v. United States (In re Deel)*, 65 B.R. 230 (Bankr.W.D.Va.1986). *Deel* addressed chapter 7 debtors' standing to seek determination of the dischargeability of a federal tax liability. *See id.* at 230, 232. The *Deel* debtors were individuals, personally liable for the alleged tax liability, not at all akin to a corporation challenging orders arguably affecting the personal tax liability of its principal.

## IV. MOTION FOR SANCTIONS

█ What remains is Trustee Nickless's motion seeking costs and sanctions against Great Road's counsel (the "Motion") on the grounds that the appeal as it relates to Trustee Nickless's fees and expenses "is frivolous and contains no facts or legal support upon which the appeal may succeed."[4] Federal Rule of Bank-

---

**2.** Any funds generated by a reduction or disallowance of Trustee Nickless' or Attorney Golden's fees would be used to pay down IRS priority claims for which Tolf is personally liable. *See* Reply Brief at 3; Appellant's Brief at 7–8.

**3.** The case has been criticized and distinguished by other courts, including a Massachusetts bankruptcy court that stated "the court's reading of section 505(a) of the Bankruptcy Code in *In re Datair Systems Corp.* is open to question." *See Mohawk Inds., Inc. v. United States (In re Mohawk Inds., Inc.)*, 55 B.R. 284 (Bankr.D.Mass.1985) (deciding case on grounds other than standing, but suggest-

ing that *Datair Systems* court had "stretched" the plain meaning of § 505(a)); *see also United States v. Driscoll's Towing Service, Inc. (In re Driscoll's Towing Service, Inc.)*, 51 B.R. 990, 991 (Bankr.S.D.Fla.1985) (disagreeing with *Datair Systems* and concluding that chapter 11 corporate debtor did not have standing to seek injunctive relief against IRS on behalf of its corporate principals).

**4.** Trustee Nickless cites to "Rule 11 of the Rules of Civil Procedure and 11 USC Section 1927." It would seem that he meant to refer to Fed. R. Bankr.P. 9011 and 28 U.S.C. § 1927. However, neither rule applies in this proceeding. The applicable rule governing

ruptcy Procedure 8020, which adopts Rule 38 of the Federal Rules of Appellate Procedure, provides as follows:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr.P. 8020. Imposing sanctions under Rule 8020 is a two-step process. *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (1st Cir. BAP 2002). First, the Panel must determine whether the appeal is frivolous. *Id.* Second, the Panel must examine whether the procedural requirements of Rule 8020 are met. *Id.*

### A. Frivolous Appeal

There is no exact formula for determining whether an appeal is frivolous. Several factors may be considered, including: an appellant's bad faith,[5] whether the argument presented on appeal is meritless *in toto,* or whether only part of the appeal is frivolous. *Id.* We may also consider whether an appellant's arguments effectively address the issues on appeal, fail to cite any authority, cite inapplicable authority, make unsubstantiated factual assertions, assert bare legal conclusions, or misrepresent the record. *Id.*

We agree with Trustee Nickless that Great Road's appeal is frivolous for two reasons. First, as explained above, Great Road's standing arguments are patently meritless under First Circuit law. Great

Road mustered no meaningful argument, no pertinent authority, on the point.

Second, putting standing aside, we have assayed the appeal's potential merit of the appeal. We can confidently say that its meritlessness is so plain as to warrant sanction. The bankruptcy judge is in the best position to gauge the interplay of factors and make delicate judgment calls anent fee awards. Accordingly, appellate courts give considerable deference to a bankruptcy court's determination of appropriate fee awards. *Casco Northern Bank, N.A. v. DN Assocs. (In re DN Assocs.)*, 3 F.3d 512, 515 (1st Cir.1993). To succeed in challenging bankruptcy court fee awards, an appellant must demonstrate the award was clearly erroneous. *See id.* Although Great Road has argued that the bankruptcy court abused its discretion and committed legal error, the argument is conclusory. It holds no grit mined from the factual record; it points to no point where the court below parted ways with pertinent legal principles.

### B. Procedural Requirements

Before ordering sanctions, we must examine the procedural context to assure that Rule 8020's requirements are satisfied. *Maloni,* 282 B.R. at 734. Rule 8020 requires that sanctions be requested by a separately filed motion or by notice and that the person or party targeted by the motion or notice has be given notice and an opportunity to respond. *Id.* Trustee Nickless filed a separate motion, served it on Attorney Brown, and provided him an

---

frivolous appeals is Fed. R. Bankr.P. 8020. Rule 8020 allows a bankruptcy appellate panel to sanction the appellant's attorney directly. *See* 8 Lawrence P. King, Collier on Bankruptcy ¶ 8020.07.

**5.** A finding of bad faith is generally not required to impose sanctions under Rule 8020. *See Maloni,* 282 B.R. at 734. In *Maloni,* the

Panel explained that "[g]enerally, 'sanctions will be imposed regardless of the motive of the appellant because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal.'" *Id.* (*quoting* 10 Lawrence P. King, Collier on Bankruptcy ¶ 8020.06).

opportunity to respond. Although Attorney Brown did not respond to the Motion on his own behalf, we will treat the argument set forth in Great Road's Reply Brief as his response. *See* Reply Brief at 5. That response, however, is utterly unconvincing.

## C. Sanctions Amount

 We may impose "just damages" and single or double costs as sanctions. 8 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 8020.07. Damages may either be in the form of a lump-sum monetary penalty or attorney's fee. *Id.* A lump-sum amount may be whatever amount we conclude is warranted. *Id.* We may, if we choose, award attorney's fees and remand the matter to the bankruptcy court to set the amount, or make an award based on the appellee's submissions. *Id.* Single or double costs are calculated under the provisions of Bankruptcy Rule 8014, which provides in pertinent part for costs incurred in the production of copies of briefs. *Id.;* Fed. R. Bankr.P. 8014.

 In this case, we will forgo generating substantial, additional work and delay on the parties or the court below. We conclude that double costs are warranted, but will go no further.

## V. CONCLUSION

For these reasons, the appeal is **DISMISSED** for want of Appellant's standing. We award double costs as sanction against Appellant's counsel for bringing a frivolous appeal.