### III

An order follows.

Thomas Eugene KUSEK, a/k/a Tom Kusek, a/k/a Thomas E. Kusek, Debtor.

L. Jed Berliner, Esq., Appellee,

v.

Lisa A. Kusek, Defendant–Appellant.

BAP No. MS 11–028.
Bankruptcy No. 10–30346–HJB.
Adversary No. 10–03018–HJB.

United States Bankruptcy Appellate Panel of the First Circuit.

Nov. 22, 2011.

George E. Bourguignon, Jr., Esq., Springfield, MA, on brief, for Appellant.

L. Jed Berliner, Esq., Springfield, MA, on brief, for Appellee.

Before HAINES, LAMOUTTE, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

Before us is Lisa Kusek's appeal from the bankruptcy court's order denying her motion for sanctions against Thomas Kusek's attorney, L. Jed Berliner. Attorney Berliner, in turn, asks us to sanction Lisa for prosecuting a frivolous appeal.

We conclude that the bankruptcy court acted within its discretion in denying Lisa's motion for sanctions. We do not accept her protest that the court's refusal to hear the motion and to enter findings makes remand essential. We also conclude that Attorney Berliner's motion for sanctions is denied.

## BACKGROUND

Thomas filed a petition for relief under Chapter 13 of the Bankruptcy Code.[1] In due course, Lisa filed a proof of claim seeking payment of a divorce-sourced debt, asserting it to be a "domestic support obligation" ("DSO") within the meaning of § 101(14A).[2] In bankruptcy generally, and in Chapter 13 particularly, DSOs enjoy special treatment, including nondischargeability.[3]

Thomas asserted that his obligation to Lisa was not a DSO. Thus, he objected to her claim and filed an adversary proceeding to establish its true character and

---

1. All references to the "Code" or the "Bankruptcy Code" are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. § 101, et seq. Unless otherwise indicated, all references to statutory sections are to sections of the Code. Unless expressly stated otherwise, all references to "Rule" or "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

2. The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

    (A) owed to or recoverable by—
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
        (i) a separation agreement, divorce decree, or property settlement agreement;
        (ii) an order of a court of record; or
        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.
11 U.S.C. § 101(14A).

3. A DSO is entitled to first priority in the hierarchy of unsecured claims. § 507(a)(1). DSO claims must be provided for without discount in a Chapter 13 plan, § 1322(a), and the plan will not be confirmed unless the debtor demonstrates that he or she is current on all DSO payments that have come due since bankruptcy was filed. In addition, a debtor will not receive a Chapter 13 discharge—of any debts—without certification that all DSO obligations, those treated in the plan as well as those that have come due since confirmation, have been fully paid. § 1328(a). Moreover, the Chapter 13 discharge does not relieve the debtor of liability for a DSO. §§ 523(a)(5), 1328(a)(2).

proper treatment. The issues were joined and the parties set about working their wills in a highly contentious way. Thomas countered Lisa's answer with a motion for judgment on the pleadings. Lisa successfully parried his effort. Her riposte was an unsuccessful motion for sanctions against Attorney Berliner. Discovery ensued.

About six months into the litigation, Thomas sought leave to amend his complaint[4] to add a count sounding in breach of contract under Massachusetts law. He contended that, by asserting a DSO claim (a claim characterized as "in the nature of alimony or support"), Lisa had breached a covenant of their separation agreement (i.e., never to seek alimony or support). Thomas asserted that covenant remained independently binding, notwithstanding entry of a final divorce judgment. Accordingly, he sought to plead that, to the extent Lisa might succeed in pressing a DSO claim, he was entitled to offset with damages for contractual breach. The notion was a non-starter. In the face of Lisa's opposition, and after a hearing on the record, the court denied the motion.[5]

Subsequently, Lisa (again) asked the court to sanction Attorney Berliner under Rule 9011,[6] contending that the proposed amendment was "frivolous" because it was "futile" and "not ripe for review;" that it was "not warranted by existing law or a nonfrivolous argument" for a departure from existing law; and that it had been interposed to cause "unnecessary delay" and "needless expense."[7] She asked that sanctions, including attorney's fees she incurred in opposing Thomas's motion to amend and in prosecuting the Rule 9011 motion, be awarded to her. Without a hearing, and without articulating findings or conclusions, the court denied Lisa's motion.

Shortly thereafter, the dispute went to trial. Providing oral findings of fact and conclusions of law, the court entered judgment for Thomas. Lisa timely appealed. She does not impugn the final judgment, but takes issue only with the court's denial of her second sanctions motion. And now Attorney Berliner, apparently learning by example, insists that we sanction Lisa for prosecuting a frivolous appeal.

## *JURISDICTION*

We are duty-bound to determine our jurisdiction before we examine the merits, whether or not the parties raise

---

**4.** Fed. R. Bankr.P. 7015; Fed.R.Civ.P. 15(a).

**5.** Lisa's opposition to the motion stated myriad grounds, ranging from estoppel and nonjusticiability to the assertion that Thomas's proposed contractually-based counterclaim was, in the bankruptcy context, without support in the law. The court agreed with the last point, finding the proposed count "not legally cognizable." Appendix at 6.

**6.** Pursuant to Rule 9011, pleadings presented to the court represent a certification that, after reasonable inquiry "to the best of the person's knowledge, information, and belief":
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
Rule 9011(b).

**7.** Appendix at 79, 81.

the issue. *Boylan v. George E. Bumpus, Jr., Constr. Co., Inc. (In re George E. Bumpus, Jr., Constr. Co., Inc.),* 226 B.R. 724, 726 (1st Cir. BAP 1998). We are empowered to hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ], or with leave of court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). Absent exceptional circumstances, an order denying sanctions becomes appealable only upon entry of a final judgment in the underlying proceeding. *McCright v. Santoki,* 976 F.2d 568, 569 (9th Cir.1992); *Haskell v. Washington Twp.,* 891 F.2d 132, 133 (6th Cir.1989); *Empresas Omajede, Inc. v. Bennazar–Zequeira,* 213 F.3d 6, 9 (1st Cir. 2000). Lisa timely filed her appeal upon entry of the adversary proceeding final judgment. Thus, we have jurisdiction to hear it.

### STANDARD OF REVIEW

Trial court decisions awarding or denying sanctions are reviewed for abuse of discretion. *CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA,* No. 10–1838, 2011 WL 4537177, at *4 (1st Cir. Oct. 3, 2011). Abuse of discretion exists when a relevant factor deserving of significant weight is overlooked, or when an improper factor is accorded significant weight, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales. *Ameriquest Mortgage Co. v. Nosek (In re Nosek),* 609 F.3d 6, 9 n. 4 (1st Cir.2010) (citing *United States v. Roberts,* 978 F.2d 17, 21 (1st Cir.1992)).

### DISCUSSION

Although Lisa asserts that sanctions were in order (and articulates her argu-

ments in favor of their imposition), she maintains that, at minimum, we must remand the matter. She argues that the bankruptcy judge's failure to articulate the basis for denying her motion deprives us of the opportunity to effect meaningful review of his decision. Attorney Berliner replies that the record is sufficient and, on the merits, the ruling must be sustained. In the end, we side with Attorney Berliner.

### I. Rule 9011 and Its Application

"[T]he bankruptcy courts have discretion to impose sanctions against attorneys or *pro se* parties who violate [Rule] 9011(b)." *Kristan v. Turner (In re Kristan),* 395 B.R. 500, 509 (1st Cir. BAP 2008).[8]

"Because Rule 9011 is derived from Fed.R.Civ.P. 11, the First Circuit has explained that Rule 11 jurisprudence is largely transferable to Rule 9011 cases." *White v. Burdick (In re CK Liquidation Corp.),* 321 B.R. 355, 362 (1st Cir. BAP 2005) (internal quotations and citation omitted). Both rules "should be used to deter baseless filings." *Featherston v. Goldman (In re D.C. Sullivan Co., Inc.),* 843 F.2d 596, 599 (1st Cir.1988). Rule 9011, like Fed.R.Civ.P. 11, "emphasizes responsible behavior on the part of litigators." *Id.* at 598. "Subjective good faith is not the issue; generally, Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." *Id.* at 598–99.

"[T]he trier has broad discretion in deciding whether counsel acted responsibly under the circumstances." *Id.* at 599. "[A] court's determination is accorded '*extraordinary* deference' when it has decided to deny sanctions." *Lichtenstein v. Consolidated Servs. Group, Inc.,* 173 F.3d 17, 22 (1st Cir.1999) (citing *Salois v. Dime Sav. Bank of New York, FSB,* 128

---

**8.** *See* Fed. R. Bankr.P. 9011, *supra* n. 6.

F.3d 20, 28 (1st Cir.1997) (emphasis added)). "Reflection reveals that appellate review of denials of such motions calls for somewhat more restraint than review of positive actions imposing sanctions and shifting fees." *Anderson v. Boston School Comm.*, 105 F.3d 762, 769 (1st Cir.1997).

▪ Although neither the Rule nor case law enumerates an exhaustive list of factors a court should consider in deciding whether to impose sanctions or what type of sanctions to impose, the following is a list of factors that may in a particular case be proper considerations:

whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; *whether it infected the entire pleading, or only one particular count or defense;* whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

*In re CK Liquidation Corp.*, 321 B.R. at 362 (internal quotations and citations omitted) (emphasis added).

▪ With the pertinent standards in hand, we can examine the decision below to determine whether the order can be sustained or whether the record's paucity deprives us of the ability to review it. The First Circuit has repeatedly rejected the notion that a judge is duty-bound to make specific findings when it denies a request for sanctions. *In re D.C. Sullivan Co.*, 843 F.2d at 599–600.

[W]e must not lose sight of the fact that [Rule 9011] was intended as a tool to hold lawyers in check and to assist judges in overseeing the proper functioning of the judicial process. This tool, and the sanctions which can be imposed under its authority, are an adjunct to the business of litigation, not the main event. We will not invite full-blown satellite litigation over such issues, nor will we require trial courts to conjure up a welter of paperwork every time a sanctions motion is filed.

*Id.* "We have never required more than that the court's rationale be apparent from the face of the record and supported by the facts." *CQ Int'l Co., Inc.*, 659 F.3d at 63 (citing *Lichtenstein*, 173 F.3d at 24; *Anderson*, 105 F.3d at 769).

▪ Here, the record before us, sparse as it is, provides sufficient fodder for review. When he denied the motion, the judge had before him Thomas's complaint and motion to amend his complaint; Lisa's pleadings and her two motions for sanctions; and his recollection and record of the hearing addressing the motion to amend. That was not all, however. The judge had been aboard for the entire travel of the case, including the parties' earlier crossing of swords.[9] The judge had all he needed before him to supportably conclude that Thomas's attempt to amend his complaint, though ill-fated, was "within the bounds of reason, decency, and competence." *Anderson*, 105 F.3d at 769. The record is sufficient to review the decision of the court below. No second guessing will be required of us.[10]

---

9. The documents evidencing the case history are not part of the formal record on appeal, but we may take judicial notice of the trial court's docket. *Aja v. Fitzgerald (In re Aja)*, 441 B.R. 173, 179 n. 6 (1st Cir. BAP 2011).

10. "[T]he bankruptcy judge is in the best position to gauge the interplay of factors and make delicate judgment anent fee awards." *Hermosilla v. Hermosilla*, 447 B.R. 661, 671 n. 9 (D.Mass.2011) (citing *Great Road Serv.*

The docket reveals an adversary proceeding where ex-spouses waged a contentious battle. The count with which Thomas sought to buttress his complaint—asserting a contract counterclaim should Lisa succeed in having her claim characterized a DSO for bankruptcy priority and dischargeability purposes—was not well taken. Its vitality was tested, and rejected, when Thomas sought leave to amend and was denied that relief. That the claim may have been, at best, a vain attempt to stretch state law to avoid federal bankruptcy consequences is not the test. Rule 11 is not a strict liability construct. *CQ Int'l Co., Inc.*, 659 F.3d at 59. Every misinformed legal argument does not entitle its opponent to requital. *See id.* Judicial discretion, with a mind to sanctions' proper role, is the polestar. *See In re D.C. Sullivan Co., Inc.*, *supra.* Here, the bankruptcy judge was not compelled to conclude that Thomas's attempt to amend, properly brought forward by way of motion, was outrageous, abusive to the judicial process, or dilatory.

We echo the court of appeals' observation in a recent case: "If anything emerges clearly from this querulous record, it is that the caterwauling was roughly equal on both sides of the fence." *In re D.C. Sullivan Co., Inc.*, 843 F.2d at 600. Here, the bankruptcy court exercised its discretion after observing the parties, their demeanor, conduct, and filings over an approximate seven-month period. The naked record reveals a clear basis for denying a request for sanctions. In such circumstances, we expect and require no more.

## II. The Frivolous Appeal Motion

Rule 8020 "permits a district court to award just damages and single or double costs to the appellee if it determines that an appeal from a Bankruptcy Court decision is frivolous." [11] *Hermosilla*, 447 B.R. at 668. "While there is no set formula for determining whether an appeal is frivolous, courts in the First Circuit generally consider whether the appellant acted in bad faith, and whether the argument presented on appeal is meritless in toto or only in part." *Id.* (citing *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (1st Cir. BAP 2002)). Other factors to be considered are whether the appellant's own argument effectively addresses the issues on appeal, fails to cite any authority, cites inapplicable authority, makes unsubstantiated factual assertions, asserts bare legal conclusions, or misrepresents the record. *Id.* Generally, sanctions will be imposed regardless of the motive of the appellant because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal. *Id.*

Like Rule 9011, Rule 8020 is far from a strict liability model. More than just a losing argument is necessary to support a conclusion that an appeal is frivolous. 20 C.J.S. *Costs* § 214 (2011). Sanctions may be imposed where the argument on appeal is "patently meritless under First Circuit law." *Great Road Serv. Ctr.*, 304 B.R. at 552; *see also Pettey v. Belanger*, 232 B.R. at 548 ("no legitimate basis"); *Seraphin v. Morris Publ'g Group, LLC (In re Morris Publ'g Group, LLC)*, Nos. 10–10134, CV 110–056, 2011 WL 1167180,

Ctr., Inc. v. Golden (In re Great Road Serv. Ctr., Inc.), 304 B.R. 547, 552 (1st Cir. BAP 2004)).

**11.** Rule 8020 became effective April 11, 1997, and is materially identical to Fed. R.App. P.

38. *Pettey v. Belanger*, 232 B.R. 543, 548 n. 6 (Bankr.D.Mass.1999). Courts therefore turn to case law relating to Rule 38 for guidance. *Id.*

at *4 (S.D.Ga. Mar. 28, 2011) ("utterly devoid of merit").

Lisa's most substantial complaint on appeal centers on the bankruptcy court's failure to set out findings and conclusions anent its denial of her sanctions motion. We conclude that her appeal, though unsuccessful, focused on what could have been, and in some cases has been declared to be, a shortcoming that would lead, if nothing else, to remand. *See, e.g., Anderson, supra.* This leads us to conclude that Lisa's appeal, though insubstantial, was not patently meritless. Thus, Attorney Berliner's motion for sanctions on appeal is denied.

### CONCLUSION

Enough is enough. The bankruptcy court's denial of Lisa's Rule 9011 motion is **AFFIRMED.** Attorney Berliner's motion for sanctions on appeal is **DENIED.**