Frank J. KRISTAN, Debtor.

Frank J. Kristan, Appellant,

v.

John C. Turner, Chapter 7 Trustee, and
Phoebe Morse, United States
Trustee, Appellees.

Frank J. Kristan, Debtor.

Frank J. Kristan, Appellant,

v.

John C. Turner, Chapter 7 Trustee, and
Verrill Dana, LLP, Appellees.

BAP Nos. 08–003, 08–009, 08–010.
Bankruptcy Nos. 04-20328
JBH, 04-20328 JBH.

United States Bankruptcy Appellate Panel
for the First Circuit.

Oct. 30, 2008.

Frank J. Kristan, pro se, on brief for Appellant.

Jonathan R. Doolittle, Esq., on brief for Appellees, John C. Turner, Chapter 7 Trustee, and Verrill Dana LLP.

Richard King, Esq., Roberta DeAngelis, Esq., and P. Matthew Sutko, Esq., on brief for Appellee, Phoebe Morse, U.S. Trustee.

Before FEENEY, BOROFF and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

BOROFF, Bankruptcy Judge.

The *pro se* debtor, Frank J. Kristan (the "Debtor"), appeals from the following orders of the bankruptcy court: (1) a January 9, 2008 order denying his Motion to Revoke Denial of Discharge; (2) a January 10, 2008 order granting the motion of John C. Turner, Chapter 7 trustee (the "Trustee"), for sanctions under Federal Rule of Bankruptcy Procedure 9011; and (3) a February 12, 2008 order approving an application for attorneys' fees and expenses filed by the Trustee pursuant to the order granting sanctions. For the reasons set forth below, we affirm each of the foregoing orders.

*** 

**1.** Unless otherwise noted, all references to the "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

The Debtor filed his Chapter 7 case in the United States Bankruptcy Court for the District of Maine on March 8, 2004. In February of 2005, the bankruptcy court entered an order denying the Debtor's discharge pursuant to § 727(a)(2)(A)[1] (the "Order Denying Discharge"). The order was grounded on the court's ruling that the Debtor had, prepetition, transferred assets into an Australian trust with the intent to hinder, delay or defraud his creditors. The Debtor did not appeal that order.

Almost three years later, on November 30, 2007, the Debtor filed a Motion to Revoke Denial of Discharge (the "Discharge Motion"), purportedly pursuant to § 727(e)(2). In his motion, the Debtor argued that he was entitled to such relief because the Trustee and the Trustee's counsel had engaged in wrongdoing while administering the bankruptcy estate. The Trustee filed an objection[2] as well as a motion seeking sanctions under Bankruptcy Rule 9011 (the "Sanctions Motion"). The Debtor objected to the Sanctions Motion.

On January 9, 2008, the bankruptcy court held a hearing on both the Discharge Motion and the Sanctions Motion. After hearing from the parties, the bankruptcy court concluded that there was "no legal basis for this motion-absolutely none . . .", and entered an order denying the Discharge Motion (the "Order Denying Discharge Motion"). The bankruptcy court also issued an order granting the Sanctions Motion (the "Sanctions Order") and ordered the Trustee to file an application

***

**2.** The U.S. Trustee and creditor Patriot Growth Fund, LP., also filed objections to the Discharge Motion.

seeking allowance and payment by the Debtor of the Trustee's fees and expenses. The bankruptcy court also imposed restrictions on the Debtor's right to file additional pleadings.[3]

The Debtor appealed both the Order Denying Discharge Motion[4] and the Sanctions Order.[5] However, the Bankruptcy Appellate Panel determined that the Sanctions Order was interlocutory because it did not determine the sanction amount and dismissed the appeal for lack of jurisdiction. In due course, the Trustee filed an Application For Approval of Counsel Fees and Reimbursement of Expenses, pursuant to the Sanctions Order. The Debtor did not oppose that application. On February 12, 2008, the bankruptcy court entered an order approving the Trustee's application (the "Fees Order"), and awarded monetary sanctions against the Debtor in the amount of $3,825.40 (consisting of $3,825 in legal fees and $.40 in expenses). The Debtor then filed separate notices of appeal of the Fees Order[6] and the Sanctions Order.[7]

### *JURISDICTION*

 The Panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). The Panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). A bankruptcy judge's order is final if it completely resolves all of the issues pertaining to a discrete claim. *See Caterpillar Fin. Servs. Corp. v. Braunstein (In re Henriquez)*, 261 B.R. 67, 70 (1st Cir. BAP 2001). *See also Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553, 558 (1st Cir.1986) (citations omitted). The Order Denying Discharge Motion is a final order because it resolves all of the existing issues regarding the Debtor's eligibility for a discharge. *See id.; see also Eastern Savings Bank v. LaFata (In re LaFata)*, 344 B.R. 715, 721 (1st Cir. BAP 2006) (an order denying relief from judgment under Fed.R.Civ.P. 60(b) is generally considered a final appealable order), *aff'd*, 483 F.3d 13 (1st Cir.2007).

 Generally, an order imposing sanctions under Bankruptcy Rule 9011 is

3. The relevant section provided:
 For the reasons set forth by the Court in the hearing on the [Sanctions] Motion, the Court hereby directs that any pleadings filed with this Court by Kristan will not be deemed effective and no party will have an obligation to respond to any such filing unless this Court first enters an order setting the matter for hearing and setting an objection deadline. Any pleading filed by Kristan shall be accompanied by a memorandum outlining the legal and factual bases for the proposed filing. This Court shall consider any such application promptly and either enter an order setting the motion for hearing and setting an objection deadline for responses to such motion, or confirming that the pleading shall be stricken from the docket, and shall be considered null and void.* *
 * * The restrictions set forth in this paragraph do not apply to any Notice of Appeal that Mr. Kristan hereafter files.

4. BAP No. EP 08–003.

5. BAP No. EP 08–002.

6. BAP No. EP 08–010.

7. BAP No. EP 08–009.

final when the matter from which it arose becomes final. *See White v. Burdick (In re CK Liquidation Corp.)*, 321 B.R. 355, 361 (1st Cir. BAP 2005) (citing 10 Lawrence P. King, *Collier on Bankruptcy*, ¶ 9011.10 (15th ed. rev.2004)). The Fees Order, which awarded monetary sanctions, arose out of the Debtor's Discharge Motion, which became final when the bankruptcy court denied the motion. *See id.; see also Bank of New England*, 218 B.R. at 645. Although the Sanctions Order was interlocutory when entered because it did not determine the sanction amount, it became reviewable once the bankruptcy court entered the Fees Order determining that amount. *See Tringali*, 796 F.2d at 559 (noting that entry of a final, appealable order enables appellant to request review of earlier nonfinal decisions upon which the final decision rests).

### STANDARD OF REVIEW

 The Panel generally reviews findings of fact for clear error and conclusions of law *de novo*. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719 n. 8 (1st Cir.1994). Where the issue on appeal is essentially one of statutory interpretation, here § 727(e), the Panel reviews the issue *de novo*. *See Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)).

 The Panel reviews the bankruptcy court's decision to impose sanctions under Bankruptcy Rule 9011 and the propriety of the sanctions imposed for manifest abuse of discretion. *See CK Liquidation*, 321 B.R. at 361 (citations omitted). An abuse of discretion occurs when the court ignores a material factor deserving signifi-

cant weight, relies upon an improper factor, or makes a serious mistake in weighing proper factors. *See id.* (citing *Colon v. Rivera (In re Colon)*, 265 B.R. 639 (1st Cir. BAP 2001)).

### DISCUSSION

**I. Order Denying Motion to Revoke Denial of Discharge**

**A. Section 727(e)(2).**

 The Debtor argues that he is entitled to relief from the denial of his discharge pursuant to § 727(e)(2).

Section § 727(e) provides:

The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

. . .

(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

11 U.S.C. § 727(e).

Sections 727(d)(2) and (3) referenced in § 727(e)(2) respectively provide:

On request of the trustee, a creditor, or the United States trustee and after notice and hearing, a court shall revoke a discharge granted under subsection (a) of this section if—

. . .

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the estate;

(3) the debtor committed an act specified in subsection (a)(6) of this section
. . .

11 U.S.C. § 727(d).

■■■ According to the Debtor, since a discharge can be revoked under § 727(e)(2) on account of fraud upon the court, "[t]he same legal principle is applicable to the revoking of the denial of the discharge." We disagree. Sections 727(d) and (e) permit certain specified parties to seek revocation of a discharge previously granted to a debtor in a Chapter 7 case. By their express terms, those sections are applicable only where the bankruptcy court has *granted* the discharge to the debtor in the first place. These provisions being straight-forward and unambiguous, the words of the statute must be accorded their literal and plain meaning. *See Jumpp v. Chase Home Fin., LLC (In re Jumpp)*, 356 B.R. 789, 793 (1st Cir. BAP 2006) (citations omitted); *see also United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("Where statutory language is plain or unambiguous, the sole function of the court is to enforce it according to its terms.").

In this case, the bankruptcy court *denied* the Debtor's discharge. The Debtor did not appeal that decision and that decision is now final. As a matter of law, §§ 727(d) and (e) do not apply, and cannot be the basis for relief from the Order Denying Discharge. In its determination that the Debtor was not entitled to relief from the Order Denying Discharge under § 727(e), the bankruptcy court did not err.

**B. Rule 60(b)**

■■■ Since § 727(e) is not applicable in this case, and as the Debtor never appealed the Order Denying Discharge, the only other legal basis upon which he can obtain relief from that order is under Fed-

eral Rule of Civil Procedure 60(b) ("Rule 60(b)"). Rule 60(b), as that rule is made applicable to this bankruptcy case by Federal Rule of Bankruptcy Procedure 9024, provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). To prevail on a Rule 60(b) motion, the movant must demonstrate: (1) timeliness of the request, (2) exceptional circumstances justifying relief, and (3) the absence of unfair prejudice to the opposing party. *See LaFata*, 344 B.R. at 723 (citations omitted). Motions brought under Rule 60(b) are committed to the trial court's discretion, and the denial of a Rule 60(b) motion should be reviewed for abuse of discretion with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." *Id.* (citations omitted); *see also Rodriguez Camacho v. Doral Fin. Corp. (In re Rodriguez Camacho)*, 361 B.R. 294 (1st Cir. BAP 2007) (Panel reviews orders

denying relief from judgment for a manifest abuse of discretion).

### 1. Rule 60(b)(3).

■ The Debtor argues that he is entitled to relief from the denial of his discharge because fraud was committed upon the court by the Trustee, the Trustee's counsel and creditor Patriot Growth Fund, LP. Arguably, the Debtor's motion could be viewed as request for relief from the Order Denying Discharge under Rule 60(b)(3). But, pursuant to Rule 60(c)(1), if a movant asserts fraud as the grounds for relief under Rule 60(b)(3), the motion must be filed within one year after the order was entered. *See* Fed.R.Civ.P. 60(c)(1). Since the Debtor filed his motion almost three years after entry of the Order Denying Discharge, it is untimely.

■ Moreover, even could the foregoing procedural obstacle be overcome, the Debtor has not alleged facts which could conceivably meet the burden of proof which he would have to carry with respect to those allegations of fraud. To prevail on a Rule 60(b)(3) motion, the movant must demonstrate, by clear and convincing evidence, that the alleged misrepresentations, fraud or misconduct prevented him from fully and fairly presenting his case. *See LaFata,* 344 B.R. at 724 (citations omitted). All of the actions of which the Debtor complains (*e.g.,* disbursements made by the Trustee, the Trustee's retention of counsel, compensation received by the Trustee and his counsel, the Trustee's settlement agreement with creditor Patriot Growth Fund, L.P.), were made with the prior approval of the bankruptcy court and in accordance with final court orders. Accordingly, they could not constitute clear and convincing evidence of fraud or misconduct. More importantly, the Debtor was not denied a discharge because of any action by the Trustee, but as a result of the Debtor's own wrongful actions in attempting to transfer property beyond the reach of his creditors.

The Debtor's allegations of fraud have no support in the record or in the law, and, therefore, he was not entitled to relief from the Order Denying Discharge under Rule 60(b)(3).

### 2. Rule 60(b)(6).

■ Pursuant to Rule 60(b)(6), a bankruptcy court may relieve a party from a final order for "any other reason that justifies relief." *See* Fed.R.Civ.P. 60(b)(6). A motion under Rule 60(b)(6) must be made within a "reasonable time." *See* Fed. R.Civ.P. 60(c)(1). The Debtor did not file the Discharge Motion until almost three years after entry of the Order Denying Discharge, and we agree with the bankruptcy court that the delay was not "reasonable."

■ Moreover, Rule 60(b)(6) "may not be used as a back-door substitute for an omitted appeal, and, in all but the most exceptional circumstances, a party's neglect to prosecute a timeous appeal will bar relief under the rule." *Cotto v. United States,* 993 F.2d 274, 278 (1st Cir.1993). "[A] motion thereunder is only appropriate when none of the first five subsections [of Rule 60(b) ] pertain.... Clause (6) may not be used as a vehicle for circumventing clauses (1) through (5)." *Id.* at 277; *see also LaFata,* 344 B.R. at 726.

Accordingly, the bankruptcy court did not err in determining that the Debtor was not entitled to relief from the Order Denying Discharge under Rule 60(b)(6), the only other subsection that might arguably apply.

## II. Sanctions Order And Fees Order

The Debtor argues that the bankruptcy court erred in awarding sanctions to the

Trustee because: (1) there is no "legal precedence" for the imposition of sanctions, particularly the non-monetary sanction imposed in the Sanctions Order which placed restrictions upon his filing of further pleadings; and (2) the Trustee and his counsel had already received substantial legal fees and expenses. We conclude that the bankruptcy court did not abuse its discretion in determining that sanctions were warranted under the circumstances of this case, or in the type and amount of sanctions imposed.

### A. Authority to Award Sanctions

■ Pursuant to Bankruptcy Rule 9011, bankruptcy courts have discretion to impose sanctions against attorneys or *pro se* parties who violate Bankruptcy Rule 9011(b). Bankruptcy Rule 9011(b) states that any attorney or *pro se* party who presents a motion to the court certifies (1) that the motion is not presented for an improper purpose,[8] (2) that its arguments are warranted by existing law or by non-frivolous arguments to modify existing law,[9] and (3) that factual assertions (or denials thereof) are supported by evidence. *See* Fed. R. Bankr.P. 9011(b).

■ If, after notice and an opportunity to respond, the bankruptcy court determines that an attorney or *pro se* party has violated Bankruptcy Rule 9011(b), it may impose "an appropriate sanction" upon the parties that have violated the rule. *See* Fed. R. Bankr.P. 9011(c). The purpose of

this rule is to deter abusive litigation tactics and streamline the litigation process by lessening the frequency of frivolous claims. *See Aetna Casualty & Surety Co. v. Kellogg*, 856 F.Supp. 25, 32 (D.N.H. 1994) (discussing purpose of Fed.R.Civ.P. 11, from which Fed. R. Bankr.P. 9011 was adapted).

The record amply supports the bankruptcy court's conclusion that the Debtor violated his obligations under Bankruptcy Rule 9011(b) by filing the Discharge Motion. First, the Discharge Motion is not warranted by existing law or by nonfrivolous arguments to modify existing law. As discussed above, § 727(e)(2) does not apply as a matter of law, and cannot be the basis for the relief the Debtor seeks. Moreover, the Debtor did not cite any other legal authority to support the Discharge Motion. And even if the bankruptcy court determined that the Debtor was seeking relief from the Order Denying Discharge under Rule 60(b), the Debtor failed to present any legal argument or factual assertions warranting such relief.

■ Furthermore, our review of the bankruptcy court docket demonstrates that it is riddled with pleadings filed by the Debtor, many of which contain baseless and unsupported arguments and allegations. As the bankruptcy court correctly noted, although the Debtor was entitled to pursue remedies in court, he continually "press[ed] wasteful, time-consuming and li-

---

8. Courts generally apply an objective standard to determine whether a document was presented for an improper purpose. *See CK Liquidation*, 321 B.R. at 365. Courts may infer the purpose of a filing from the consequences of the motion, such as delaying the proceedings or creating "a persistent pattern of clearly abusive litigation." *Id.* (citing *Bay State Towing Co. v. Barge Am. 21*, 899 F.2d 129 (1st Cir.1990); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1476 (9th Cir.1988)).

9. A motion is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading plainly argues for a reversal or change of law and presents a nonfrivolous argument to support that position. *See In re Willis Furniture Co.*, 148 B.R. 691, 694 (Bankr.D.Mass. 1992).

tigious motions." Parties, including those who are *pro se*, have an obligation to ensure that the arguments contained in their pleadings filed with the court and on which they base their requests for relief are not frivolous. Bankruptcy courts are places where serious business is done. Negative consequences should inure to those parties who seek court relief without due consideration of the honesty or integrity of their arguments.

Based on the foregoing, we conclude that the bankruptcy court did not abuse its discretion in determining that the Debtor violated Bankruptcy Rule 9011(b) when he filed the Discharge Motion, and that sanctions were appropriate as a result of this violation.

## B. Propriety of Sanction

■ Once a court determines that a person has violated Bankruptcy Rule 9011(b), it may impose an "appropriate sanction." *See* Fed. R. Bankr.P. 9011(c). Courts generally consider the following factors when determining whether to impose a sanction under Rule 9011(c) and what type of sanction to impose:

> whether the conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law, what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and what amount is needed to deter similar activity by other litigants.

*CK Liquidation*, 321 B.R. at 362 (citing *Dibbs v. Gonsalves*, 921 F.Supp. 44, 55 (D.P.R.1996)).

■ Sanctions generally serve a dual purpose of deterrence and compensation. *See 1095 Commonwealth Corp. v. Citizens Bank (In re 1095 Commonwealth Corp.)*, 236 B.R. 530, 538 (D.Mass.1999). With respect to deterrence, a court should limit the sanction to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr.P. 9011(c)(2). With respect to compensation, reasonable attorneys' fees and expenses incurred as a result of the sanctionable conduct may appropriately form the basis of a Bankruptcy Rule 9011 sanction. *See id.* In reviewing the propriety of a Bankruptcy Rule 9011 sanction, the Panel should "defer, within broad limits, to the bankruptcy court's exercise of its informed discretion," yet still "be careful not merely to rubber stamp" the decision below. *See 1095 Commonwealth Corp.*, 236 B.R. at 538 (quoting *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir.1992)).

### 1. Monetary Sanctions

■ The bankruptcy court imposed a monetary sanction of $3,825.40, an amount equal to the "reasonable, actual and necessary" attorneys' fees and expenses the Trustee incurred in connection with the Debtor's Discharge Motion. The Debtor was given an opportunity to dispute all or any part of the Trustee's Application For Approval of Counsel Fees and Reimbursement of Expenses, yet chose not to do so.

However, the Debtor now argues that because the Trustee and his counsel have already received substantial legal fees in this case, the bankruptcy court erred in awarding attorneys' fees and costs to the Trustee. The Debtor's argument is illogical. The bankruptcy court limited its

award of monetary sanctions to the "reasonable, actual and necessary" attorneys' fees and expenses incurred by the Trustee in reviewing and responding to the Discharge Motion. This award is unrelated to any compensation that the Trustee and/or his counsel has received in connection with the rest of the bankruptcy case.

Accordingly, the bankruptcy court did not abuse its discretion in awarding monetary sanctions in the amount of $3,825.40 as set forth in the Fees Order.

### 2. Non-monetary sanctions

 It has been widely held that the courts, including bankruptcy courts, have the power to enjoin a party from filing pleadings when and to the extent necessary to protect themselves and other parties from the chaos and burdens of vexatious, duplicative, frivolous litigation. *See, e.g., Reilly v. Hussey (In re Reilly),* 112 B.R. 1014, 1017 (9th Cir. BAP 1990) (citing cases). The bankruptcy court's power to regulate vexatious litigation arises pursuant to its inherent powers under § 105(a) of the Bankruptcy Code, and the All Writs Act, 28 U.S.C. § 1651(a). Section 105(a) permits the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105(a). The All Writs Act grants federal courts, including the bankruptcy courts, the authority to limit access to the courts by vexatious and repetitive litigants. *See* 28 U.S.C. § 1651(a); *see also In re International Power Securities Corp.,* 170 F.2d 399, 402 (3d Cir.1948) (bankruptcy courts have authority to enter relief under the All Writs Act); *Kovalchick v. Dolbin (In re Kovalchick),* 371 B.R. 54, 60–61 (Bankr.M.D.Pa.2006) (exercising authority under the All Writs Act to issue an injunction restricting the filing of meritless pleadings).

 Bankruptcy courts have discretion to issue injunctions or restrictions on further filings if: (1) the litigant receives notice and a chance to be heard before the court enters the order; (2) there is an adequate record of the cases or abusive activities undertaken by the litigant; (3) the court makes a substantive finding that the claims brought were frivolous or were brought with the intent to harass the parties; and (4) the scope of the injunction is narrowly prescribed to fit the abuse that the court seeks to prevent. *See De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990).

 The Sanctions Order satisfies all of the above requirements. First, the Debtor was given notice of the Sanctions Motion, was afforded an opportunity to respond, and was given an opportunity to be heard at the January 9, 2008 hearing. Second, as noted above, the Debtor has a history of filing pleadings containing baseless and unsupported allegations and arguments. Third, the bankruptcy court found that the Debtor brought the Discharge Motion without a proper legal basis for doing so and in a manner that imposed needless expense on the Trustee. Specifically, the bankruptcy court stated that "I agree a hundred percent with the trustee that having given you a good deal of time, attention and patience, that, nonetheless, you have continued as evidenced principally by the order that's the subject of the motion for sanctions, to press wasteful, time-consuming and litigious motions in this Court." The bankruptcy court concluded that "based on this history," the sanction of "prospective restriction is appropriate."

Finally, the Sanctions Order is narrowly tailored to deter only the filing of frivolous and/or meritless pleadings. The Sanctions Order requires that any pleadings filed by the Debtor be accompanied by a memoran-

dum outlining the legal and factual bases for the proposed filing. After prompt consideration, the bankruptcy court will then either set the motion for hearing and set an objection deadline, or will strike the pleading from the docket. Thus, the Debtor is still afforded an opportunity to file non-frivolous pleadings.

The Sanctions Order strikes a good balance between the Debtor's right to access to the court, and the rights of the parties not to have a "frivolous litigant become an unwarranted drain on their resources." *See In re Kovalchick,* 371 B.R. at 60–61 (citations omitted). The Sanctions Order does not unduly limit the Debtor's ability to file pleadings in the bankruptcy court. Rather, it simply requires the Debtor to certify the merits of his pleadings prior to filing them.

For the above reasons, the bankruptcy court did not abuse its discretion in imposing non-monetary sanctions by restricting the Debtor's filing of further pleadings as set forth in the Sanctions Order.

### CONCLUSION

For the reasons set forth above, the Panel **AFFIRMS** the bankruptcy court's (1) January 9, 2008 order denying the Debtor's Motion to Revoke Denial of Discharge, (2) January 10, 2008 order granting the Trustee's motion for sanctions under Bankruptcy Rule 9011, and (3) February 12, 2008 order approving the Trustee's application for attorneys' fees and expenses.