In re: Deanna E. TURNER, Debtor

Crawford Square Community, Movant,

v.

Deanna E. Turner, Respondent,

Bankruptcy No. 04–31320TPA.
No. 23.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 14, 2005.

Robert A. Arcovio, Esq., Debtor.

Paul R. Yagelski, Esq., Crawford Square Community.

### MEMORANDUM OPINION

THOMAS P. AGRESTI, Bankruptcy Judge.

The matter currently before the Court is the *Motion for Sanctions* filed by Crawford Square Community, the landlord of the ·Debtor. For the reasons expressed below, the motion will be denied.

### FACTS

The facts of this case are extensively set forth in the Memorandum Opinion issued by this Court regarding Crawford Square Community's *Motion for Relief from Stay, or in the Alternative, Motion to Dismiss Case with Prejudice and Motion for Sanctions.*[1] For purposes of resolving the current matter, a more limited review of the facts is appropriate.

Over the past several years the parties have been engaged in substantial, inter-related litigation in various courts including the Court of Common Pleas of Allegheny County, the United States District Court for the Western District of Pennsylvania and the United States Bankruptcy

---

1. In its simultaneously filed *Motion for Relief from Stay or in the Alternative, Motion to Dismiss Case with Prejudice and Motion for Sanctions* Movant also requested the imposition of sanctions. Although this Court granted Movant's motion regarding relief from stay, the issue of sanctions was denied since addressed separately herein as required by *Fed. R. Bankr.P. 9011(c)(1)(A).*

Court for the Western District of Pennsylvania.

On August 30, 2004, the Debtor, Deanna Turner ("Turner") filed her current petition under Chapter 13 of the Bankruptcy Code. An eviction of Turner by her landlord, Crawford Square Community ("Crawford") and Movant herein, was scheduled for September 1, 2004. On November 7, 2001 Turner had previously filed a Chapter 13 bankruptcy petition in this Court which was dismissed on April 9, 2003. Prior to the first bankruptcy filing, the parties were involved in litigation before a district justice, an arbitration panel and a state court judge regarding the eviction issue and related matters. The first bankruptcy stayed the eviction proceeding then pending before the state court. In the interim between bankruptcy filings, a nonjury trial was held in state court and a verdict rendered and judgment entered in favor of Crawford for unpaid rent and possession. Before Crawford could obtain possession of the premises, the judgment of possession was appealed to the Pennsylvania Superior Court and thereafter the current bankruptcy was filed. The Superior Court dismissed the appeal without prejudice in light of the pending bankruptcy. After the filing of this petition, Turner commenced an action in the U.S. District Court for the Western District of PA alleging Crawford's violations of the Fair Housing Act arising out of the landlord tenant relationship. This action was pending throughout this bankruptcy until the District Court recently entered its decision in favor of Crawford dismissing Turner's Complaint for lack of subject matter jurisdiction.

### DISCUSSION

Crawford seeks sanctions against Turner and her counsel for alleged violations of *Fed.R.Bankr.P. 9011(b)(1), (b)(2)* and

*(b)(3)*. The relevant portions of *Rule 9011* provide as follows:

(b) **REPRESENTATIONS TO THE COURT.** By representing to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ——

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

The primary purpose of *Fed.R. Civ.P. 11* is to deter abuses of the judicial process. *Haymaker v. Green Tree Consumer Discount Co.*, 166 B.R. 601, 606 (Bankr.W.D.Pa.1994) *citing Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). *Rule 9011*, which owes its origin to *Rule 11* of the Federal Civil Rules, is intended to discourage the filing of pleadings in the bankruptcy practice that are "frivolous, legally unreasonable, or without factual foundation." *Id. citing Lieb v. Topstone Industries*, 788 F.2d 151, 157 (3d Cir.1986). In considering violations of *Rule 9011*, an

objective standard is to be applied to determine the "reasonableness" of a party's conduct. *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1225 (3d Cir.1995). An attorney's subjective good faith belief is no defense under the Rule. *In re Bailey*, 321 B.R. 169, 178 (Bankr.E.D.Pa.2005). An improper purpose may be inferred from the consequences of the filing. 10 *Collier on Bankruptcy* ¶ 9011.04[8][c] (15th ed. rev.2004); *In re Start the Engines, Inc.*, 219 B.R. 264 (Bankr.C.D.Cal.1998); *In re CK Liquidation Corp.*, 321 B.R. 355 (1st Cir. BAP 2005.)

The arguments for, and defense of each of the alleged violations of *Fed.R.Bankr.P. 9011* as set forth in Crawford's *Motion for Sanctions*, are based on the same set of intertwined facts. As such, even though Crawford seeks relief under separate, specific subsections of *Rule 9011*, the claims will be addressed together.

### Alleged Violations of Fed.R.Bankr.P. 9011(b)

 Initially Crawford contends that Turner's bankruptcy petition was filed for an improper· purpose violating *Rule 9011(b)(1)* since intending either to harass Crawford, cause unnecessary delay in the proceedings or needlessly increase Crawford's litigation costs. Crawford claims that circumstances haven't changed since Turner filed her last bankruptcy and her sole purpose for filing was to prevent eviction.

Crawford also seeks sanctions against Turner and her counsel pursuant to *Rule 9011(b)(2)* claiming her petition and proposed Chapter 13 plan are not warranted by existing law and are filed in bad faith. Crawford supports this contention by arguing that prior to the current filing (1) that the lease between the parties "naturally expired" and Turner had no lease to assume when she filed; (2) that the state court finally determined that Turner owed back rent and Crawford was entitled to possession; (3) that Crawford was not required to accept a Section 8 voucher; (4) that Turner knew Crawford was unwilling to enter into a new lease with her; (5) that there was no present lease to assume and cure; and, (6) that no opportunity existed for Turner to enter into a new lease for use of a Section 8 voucher. Despite knowing all these things, Crawford claims Turner proceeded to file her current bankruptcy, list the former lease on her schedules as "unexpired" and claim the right to cure and assume the lease.

Finally, Crawford asserts a "lack of evidentiary support" for Turner's legal theories as a basis for imposition of sanctions against Turner and her counsel pursuant to *Rule 9011(b)(3)*. In support, Crawford again claims that although Turner knew the lease between the parties had expired, she listed an "unexpired" lease on her schedules and Turner's plan was knowingly based on an expired lease and application of a Section 8 voucher which Turner knew Crawford would not accept and could not be applied retrospectively.

Turner denies that the filing was for the sole purpose of preventing eviction. She contends that the case was filed to allow her an opportunity to cure alleged breaches with Crawford contingent on the outcome of her pending District Court litigation filed just before the filing of her current bankruptcy. Turner contends that her petition and plan were appropriate under existing case law and filed in good faith. She argues that the lease was not "terminated", but was "unexpired" thus the reason for it being listed in the Schedules as such. Further, Turner claims that the issue of alleged discrimination by Crawford was, at the time of filing, yet to be decided by the District Court in her previously pending action.

Here Turner argues that she possesses an unexpired leasehold interest and properly retains possession of the premises in Chapter 13 because of that interest. Therefore, she believes that since her lease was not validly "terminated" pre-petition she may seek to cure and assume her lease. Her ability to cure and require Crawford to accept her Section 8 voucher for payment of future rent was admittedly contingent upon her success in the litigation pending in the District Court at the time she filed her current bankruptcy. Turner claims that her intention and ability to reorganize, based upon the facts and contingencies of the case as they existed at the time of filing, were realistic. Generally, even if prevention of eviction was the reason for the filing, assuming the debtor otherwise qualified for Chapter 13 debtor status, that basis alone would not render the filing sanctionable for an improper purpose. Debtors often file for bankruptcy to save their home or give themselves the opportunity to cure a rent deficiency and therefore "prevent eviction."

It does appear from the record before us that a qualitative change in circumstances occurred since Turner's last bankruptcy filing. Throughout all proceedings Crawford has steadfastly refused to accept the Section 8 voucher which Turner believes gave her the opportunity to make rent payments going forward. At the time of this bankruptcy filing, Turner's District Court action was pending. The successful completion of that action would require Crawford to accept her Section 8 voucher and grant her damages in excess of any back rent claim ultimately allowed to Crawford. Crawford claims regardless of any District Court "windfall" no lease exists to cure. Turner counters by referencing an array of cases she believes stand for the proposition that the lease in question could neither expire by its natural terms nor terminate without prior Court approv-

al which Turner argued Crawford never obtained.

In objectively viewing the above, this Court is reluctant to find that Turner "unreasonably" filed her bankruptcy for an "improper purpose" as required by *Rule 9011(b)(1)*. At the time of filing Turner possessed certain "expectations" involving events which occurred following dismissal of her first bankruptcy even though those "expectations" did not ultimately come to fruition. The Court recognizes that it can be effectively argued that based on the litigation history of the parties, those "expectations" may have been unreasonable, at least with respect to the existence of any lease to assume. Nevertheless, under the circumstances, the Court does not find those "expectations" unreasonable so as to require the imposition of sanctions.

While the status of "existing" law in the various legal proceedings prior to this case were resolved against Turner, nevertheless, she again raised the viability of lease issue. While this Court did not agree with Turner on this issue and granted Crawford relief from stay, arguably there was a "colorable" issue for her to present her theory under "existing" law. Unfortunately, little case law is available on the narrow issue of "expiration" as opposed to "termination" of a lease entered into with a landlord who provides housing pursuant to the Low Income Housing Tax Credit program ("LIHTC") offered by *26 I.R.C. § 42*. Turner contended that the lease entered into with this landlord, involved in the LIHTC Program, possessed unique qualities unaffected by the final state court judgment. While this Court finds that the lease had, in fact expired, Turner's petition and plan were based on an alternative conclusion. The viability of the lease was more a question of law than fact and therefore the imposition of sanctions, if any, is

more appropriate pursuant to *Rule 9011(b)(2)* than *Rule 9011(b)(3)*.

At times Turner did appear to ignore "existing" law, more aptly, the law as it existed specific to these parties and established prior to the filing of the case. It can be argued that because the prior, final state court judgment was unfavorable to her, Turner simply chose to ignore it as if it never existed. Undeterred, Turner argued that since the state court judgment did not address the specific LIHTC concern she believed at issue, review by this Court of that particular matter was not precluded. This aspect of Turner's presentation is troubling to the Court. Despite the Court's concerns, at the present time, the Court is reluctant to conclude under these facts, that such advocacy rises to the level of sanctionable conduct although further pursuit of such conduct may be viewed differently by another court. But since existing law on the LIHTC issue is not extensive, the Court finds that Turner's claims under the "existing law" requirement of *Rule 9011(b)(2)* were not totally unwarranted especially when coupled with the expectation of success in the District Court proceeding.

Other than the issue of her near talismantic hold on the LIHTC issue, there is nothing else of record amounting to sanctionable conduct to suggest Turner is attempting to "harass" Crawford or needlessly delay or increase Crawford's litigation costs. Although in light of the extensive litigation history of the parties, in which Crawford has prevailed at every step along the way, one can easily understand Crawford's frustration in this regard. And despite Turner's assertion that this petition was not filed solely to forestall Crawford in its eviction process, it is clear to the Court based on the history between the parties and the timing of this filing, that such delay was an in-

tended consequence. But that alone does not require the imposition of sanctions. And even though this is Turner's second bankruptcy filing, because of the time delay in the conclusion of the first case and filing of the second case, she is not what could be categorized thus far as a "serial filer." Also for the reasons stated, arguably there appears to be a change in circumstances between the two filings eliminating the claim of a bad faith filing. *In re Oglesby*, 158 B.R. 602, 606 (E.D.Pa.1993) *citing Matter of Metz*, 820 F.2d 1495, 1498 (9th Cir.1987), *on remand*, 161 B.R. 917 (Bankr.E.D.Pa.1993); *In re Washington*, 2004 WL 1607009 *4 (Bankr.E.D.Pa.2004); *In re Guevara*, 2004 WL 2495410 *4 (Bankr.E.D.Pa. 2004).

### CONCLUSION

Although the Court appreciates Crawford's frustration in not having the use of its premises, it does not believe the instant filing went beyond the requirements of *Rule 9011(b)(1),(2)* or *(3)*. On balance, the Court is not prepared to sanction Turner or her counsel based on the current record. To do so may hinder zealous advocacy and inhibit imaginative legal or factual approaches to applicable law and otherwise good faith attempts to reconsider settled doctrines. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479 (3d Cir.1987).

Nevertheless, the blind persistence of counsel for Turner in ignoring previous court decisions, pursuing matters or commencing other causes of action that are contingent on issues that have been previously and finally addressed is disturbing to the Court. The Court appreciates and respects counsel's goal of zealous representation of her client and her unwaivering enthusiasm and creativity in advancing her client's cause. However, counsel's repre-

sentation must be tempered by the boundaries of *Rule 9011*.

Such zealous representation also requires a significant devotion of resources. It is puzzling to the Court that the scarce and precious resources of Neighborhood Legal Services Association have been so inordinately allocated in this instance under these facts. While every client is deserving of the maximum attention available, it is of concern to the Court that such attention in this case may be at the expense of other equally deserving clients of Neighborhood Legal Services Association. In addition to the resources applied and expended by Neighborhood Legal Services, significant time and expense has also been required by Crawford. Despite these concerns, for the reasons expressed above, at this time no sanctions will be imposed on Turner or her counsel. An appropriate order will be issued.[2]

### ORDER OF COURT

*AND NOW,* this *14th* day of *June, 2005,* for the reasons expressed in the Memorandum Opinion this date, it is hereby *ORDERED* that the *Motion for Sanctions* filed by Movant Crawford Square Community is *DENIED.*

2. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. This Court's jurisdiction is not at issue.